UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE KEENE,

    Plaintiff,

v.

GERALD ROSSI, *et al.,*

    Defendants.

_____/

Case No. 15-10977
Hon. Gerald E. Rosen
Magistrate Judge David R. Grand

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 12, 2016

PRESENT:    Honorable Gerald E. Rosen
                     United States District Judge

In a report and recommendation ("R & R") issued on November 30, 2015, Magistrate Judge David R. Grand recommends that the Court (i) grant the motions to dismiss filed by three sets of Defendants, referred to in the R & R as the "Rossi Defendants," the "Lyneis Defendants," and individual Defendant Kathryn M. Casey, (ii) deny the motions for sanctions filed by these three sets of Defendants, and (iii) dismiss *sua sponte* the remaining claims asserted by Plaintiff Bruce Keene against Defendant Kirk Casey on the same grounds identified by the Magistrate

Judge for dismissal of Plaintiff's claims against the other defendants.[1]  On December 14, 2015, Plaintiff filed objections (of a sort) to the Magistrate Judge's R & R, and the Lyneis Defendants also object to the R & R, albeit only on the limited ground that the Magistrate Judge erred in recommending the denial of their motion for sanctions.  As discussed briefly below, the Court overrules the objections filed by Plaintiff and by the Lyneis Defendants, and adopts the Magistrate Judge's thorough and well-reasoned R & R as the opinion of this Court.

The Court need not linger long over Plaintiff's objections to the R &R.  Following some prefatory language having no bearing on the Magistrate Judge's recommended rulings, Plaintiff states that he has "already put [his] 'best foot forward'" in his submissions to date, and he then closes with a "formal statement" that he "SPECIFICALLY [sic] OBJECTS TO EVERY CONCLUSION AND FINDING REACHED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION," with this "BLANKET OBJECTION" supported by the "PLEADINGS ON RECORD," the "COMMON LAW," and the "PURSUIT OF JUSTICE."  (Plaintiff's 12/14/2015 Objections at 2-3.)  Plaintiff adds that despite

---

[1] As explained in the R & R, while Defendant Kirk Casey did not separately move for dismissal of the claims against him, many of the arguments advanced in his co-defendants' motions to dismiss apply equally to him and warrant the dismissal of Plaintiff's claims against this non-moving defendant as well.  (*See* R & R at 34 n.15.)

the Magistrate Judge's "COMMENDABLE EFFORT" to describe the facts and circumstances of this case, the R & R's "CONCLUSIONS OF LAW AND FACT . . . ARE INCORRECT." (*Id.* at 3.)

As correctly observed by the Rossi Defendants in response to Plaintiff's objections, the Sixth Circuit has expressly held that "[a] general objection to the entirety of the magistrate judge's report has the same effects as would a failure to object." *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991); *see also Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). As explained in *Howard,* such a generalized objection utterly defeats the purpose of the requirement of specific objections — a requirement explicitly set forth both in Fed. R. Civ. P. 72(b)(2) and in Local Rule 72.1(d)(1) of this District, and reiterated at the conclusion of the Magistrate Judge's R & R in this case, (*see* R & R at 35) — namely, to "focus the busy district court's attention on only those issues that [a]re dispositive and contentious." *Howard,* 932 F.2d at 509. An objection of the sort made by Plaintiff instead results in "an inefficient use of judicial resources," as it essentially "mak[es] the initial reference to the magistrate useless" and leaves "even the most perspicacious judge to guess at" the arguments that the objecting

3

party wishes to pursue. *Howard,* 932 F.2d at 509. Accordingly, the Court declines Plaintiff's invitation to retrace each and every step of the Magistrate Judge's analysis and opine as to the correctness of each and every proposed finding and ruling in the R & R.

Turning to the objection by the Lyneis Defendants that the Magistrate Judge erred in recommending the denial of their motion for sanctions, the Court recognizes that the question is a close one, but ultimately concurs in the Magistrate Judge's recommendation that no sanctions should be imposed. As noted by the Lyneis Defendants, the Magistrate Judge recommended the dismissal of the claims against them on multiple grounds, but then explained that sanctions were not warranted primarily because one of these grounds for dismissal, the probate exception to federal court jurisdiction, implicated a "thorny area of the law not easily navigated even by attorneys and courts." (R & R at 32.) In Defendants' view, no such complex or debatable legal principles governed the alternative ground for the dismissal of the claims against them — namely, the judicial proceedings privilege, (*see* R & R at 29-30 (finding that Plaintiff's claims against the Lyneis Defendants are barred by this privilege)) — and they argue that Plaintiff therefore violated Fed. R. Civ. P. 11(b)(2) by bringing these claims. The Lyneis Defendants also take issue with the Magistrate Judge's finding that Plaintiff's

claims were not asserted "for an[] improper purpose" in violation of Fed. R. Civ. P. 11(b)(1), where Plaintiff's inflammatory statements in his submissions to this and other courts, persisting even in his objections to the R & R, evidence a need for sanctions to persuade Plaintiff to cease his "baseless . . . accusations" and "one-man crusade." (Lyneis Defendants' 12/11/2015 Objections at 9.)

While there is much to be said for these objections, the Court finds that the Magistrate Judge properly weighed all of the appropriate considerations and circumstances in recommending that sanctions should not be imposed. To be sure, the Court shares the Magistrate Judge's concern that Plaintiff's statements to this and other courts evidence his apparent "disrespect for the rule of law," (R & R at 33), and this Court already has found it necessary earlier in this case to warn Plaintiff against his continued use of " inflammatory language and overheated rhetoric . . . that have no place in proper advocacy, whether by an attorney or a *pro se* litigant," (5/12/2015 Order at 2). There also is strong reason to doubt that these and other warnings are getting through to Plaintiff. (*See, e.g.,* Plaintiff's 12/14/2015 Objections at 1 (opining that "all of the Defendants should count their blessings that they're not now sitting in prison").) Indeed, given the Magistrate Judge's apt observation that this litigation involves "highly personal" matters and stakes that have "provok[ed] in [Plaintiff] a strong desire for what he perceives as

5

'justice,'" and that have led him to disregard even the advice of "his own wife and children . . . that he needs to 'let it go,'" (R & R at 33-34), the Court believes it is open to serious question whether even the imposition of monetary sanctions would deter Plaintiff from his chosen course in this matter.

In the end, the Court shares the Magistrate Judge's unwillingness to conclude that Plaintiff instituted this litigation for an improper purpose. His mission here certainly can be characterized as quixotic, and his tactics have occasionally been misguided. In addition, the Court agrees with the Magistrate Judge's recommendation that Plaintiff be "admonished . . . that the Court will not look favorably on any attempts to institute new litigation in this Court arising out of the [same] facts" involved in this case, and it expressly adopts the Magistrate Judge's warning that "if such litigation is instigated and ultimately determined to be frivolous, monetary and other sanctions [will] be imposed." (R & R at 34.) Nonetheless, the Court finds that the R & R ably canvasses the law governing Defendants' requests for sanctions and appropriately weighs all of the relevant facts and considerations, and the Court therefore concurs in the Magistrate Judge's finding that sanctions are not warranted at the present juncture. It is to be hoped that Plaintiff will heed the advice of his family to "let it go," now that he has been given the opportunity to bring his claims before both the state and federal courts.

6

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's December 14, 2015 objections (docket #50) to the Magistrate Judge's Report and Recommendation are OVERRULED, and that the Lyneis Defendants' December 11, 2015 objections (docket #49) to the Report & Recommendation also are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's November 30, 2015 Report and Recommendation (docket #48) is ADOPTED in its entirety as the opinion of this Court.

In light of these rulings, IT IS FURTHER ORDERED, for the reasons stated in the R & R, that the motions to dismiss brought by the Lyneis Defendants (docket #14), the Rossi Defendants (docket #16), and Defendant Kathryn M. Casey (docket #17) are GRANTED. IT IS FURTHER ORDERED, for the reasons stated in the R & R as supplemented by the rulings in the present order, that the

motions for sanctions brought by the Lyneis Defendants (docket #31), Defendant Kathryn M. Casey (docket #43), and the Rossi Defendants (docket #44) are DENIED.

    SO ORDERED.

                                      s/Gerald E. Rosen
                                      United States District Judge

Dated: February 12, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2016, by electronic and/or ordinary mail.

                    s/Julie Owens
                    Case Manager, (313) 234-5135